(No. 14855.—Rule discharged.)

THE PEOPLE *ex rel.* Roy R. Cline, State's Attorney, Relator, *vs.* HARRY E. KERKER, Respondent.

*Opinion filed February 17, 1925.*

1. DISBARMENT—*charge against an attorney must be proved by clear evidence.* In disbarment proceedings, whether the charges of misconduct amount to crime or merely unprofessional conduct, they must be proved by clear and convincing evidence.

2. SAME—*finding that charges are not sustained by proof is in effect a finding of not guilty.* A finding by the commissioner appointed to hear the evidence in a disbarment proceeding, that the proof fails to sustain the charges, is, in effect, a finding that the respondent is not guilty, and the respondent is not entitled to object to that form of the report.

INFORMATION to disbar.

ROY R. CLINE, State's Attorney, for relator.

FRANCIS T. CARSON, and CRAIG & CRAIG, for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an information to disbar, which was filed by
leave of court at the June term, 1922. A rule was entered
requiring respondent to answer by the first day of the Oc-
tober term of that year. The answer was filed and the cause
referred to the master in chancery of Piatt county, as com-
missioner, to take the testimony and report his findings and
conclusions. The evidence was taken from time to time,
and the commissioner's report was filed to the October term,
1924, of this court. The commissioner reported that the
evidence did not sustain the charges made in the informa-
tion or either of them, and he recommended that the rule
against respondent be discharged and that he should not
be disbarred. Relator filed exceptions to the commission-
er's findings and conclusions as to the third and fifth counts,
and also some general exceptions to the commissioner's re-
port in the admission and rejection of testimony. He ad-
mits the proof did not sustain the first, second and fourth
counts. Those counts charged respondent with suborna-
tion of perjury in the trial of criminal cases. The third
count charges that the respondent and another lawyer of
Champaign county, who were employed to defend Margaret
O'Day, a woman under indictment for larceny, went to the
deputy sheriff and his father, the sheriff, and represented
to them that Margaret O'Day had told them of illicit rela-
tions the deputy sheriff had with her while bringing her to
Illinois from Ohio, where she was arrested, and while she
was confined in the jail of Champaign county, and that
she was pregnant by him; that respondent knew the story
was untrue and without any foundation in fact, and threat-
ened to make it public for the purpose of inducing the offi-
cers to dismiss the prosecution of the case. The fifth
count charges respondent with falsely accusing a woman

mentioned with improper relations with a married man for the purpose of extorting $500 from the woman for the wife of the married man, and that respondent knew the charges were false and untrue.

We have endeavored to condense within the smallest possible limits the substance of the charges in the information. They were all denied by the answer. We shall endeavor to dispose of this case in the briefest possible manner, without setting out the testimony or its substance in detail, as we believe the public interest and good will be best served by that method of treating this case.

The third and fifth counts, which are the counts relied on by relator, both involve scandals and cannot be treated in detail without the use of the names of several people who, besides the principals, were brought into the case by the testimony, and we do not believe we should add to the permanency of the record of the scandalous testimony by placing it in the volumes of the decisions of this court. It is sufficient to say that the testimony abundantly warrants the report of the commissioner that the charges against respondent were not proved. The charges are of a most serious character,—some of them crimes,—and the proof would be required to establish their truth beyond a reasonable doubt. In any case, whether the misconduct charged amounts to a crime or merely to unprofessional conduct, the charge must be proved by clear and convincing testimony. (*People* v. *Thornton,* 228 Ill. 42; *People* v. *Sullivan,* 218 id. 419; *People* v. *Ader,* 263 id. 319; *People* v. *Baker,* 311 id. 66.) The proof in this case is not sufficient to create a well founded suspicion of the truth of the charges.

Respondent excepted to the commissioner's report for merely finding that the proof failed to sustain the charges in the information, and argues that he should have found specifically that the respondent was not guilty. That is the effect of the commissioner's report when he found the

charges were not sustained by the proof, and we see no objection to the commissioner's report in that respect.

As the interests of all parties who were in any way connected with or mentioned in this suit will, in our judgment, be best served by this brief disposition of the case, we have concluded it is not required that we go into the evidence in detail. The only thing we are called upon to determine in this case is whether the proof sustained any of the specific charges made against respondent, and we fully agree with the commissioner that it did not.

The rule is therefore discharged.        *Rule discharged.*