(No. 21869.—

THE PEOPLE *ex rel.* The Chicago Bar Association, Relator, *vs.* HENRY W. HAMMOND, Respondent.

*Opinion filed June 15, 1934.*

JOHN L. FOGLE, for relator.

ALBERT B. GEORGE, for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Chicago Bar Association, as relator, was given leave and filed an information against Henry W. Hammond, the respondent, on February 23, 1933. A rule was asked commanding Hammond to show cause why he should not be disbarred.

Hammond had been licensed to practice law in 1921. The information contained two charges: One that he overcharged Mrs. Hattie Glover for legal services and de-

frauded her of $600, and the other that he accepted $35 from Joseph Milas for costs required to be paid in filing a personal injury suit and converted this money to his own use. The respondent filed his answer to these charges and denied that he had any fraudulent or dishonest motives in both matters and denied that he was guilty of unprofessional conduct. A hearing was had in June, 1933, before a commissioner of this court. The commissioner was of the opinion that in the transaction with Mrs. Glover the respondent had acted in good faith and was sincere in his belief that the investment of the $600 would be a paying one and that no deception had been practiced by him. The reasonableness of the charge for services is not discussed, but from what appears in the record the charge made does not seem to us to have been unreasonable. With reference to the complaint made by Joseph Milas, the commissioner found that the $35 was re-paid to Milas, but that the respondent had retained it for nearly nine months without filing the suit and that this conduct was reprehensible and unprofessional. It was his opinion that the respondent's actions were not serious enough to warrant striking his name from the roll but that a limited suspension would be a sufficient penalty. The respondent claims that through a mistake in his office this $35 was used in filing other suits, and that he had made ready to file the Milas suit but that he had not had sufficient money, before demand was made for re-payment, to pay the costs. Objections to the commissioner's report were overruled.

The sole question in the case is, Does Hammond's conduct as shown by this record warrant either disbarment or suspension? The fact that Hammond re-paid Milas the $35 advanced for payment of costs does not bar an inquiry into the quality of Hammond's acts as an attorney. (*People* v. *Grusd*, 318 Ill. 44; *People* v. *Lotterman*, 353 id. 399.) But we said in the *Lotterman case*, the burden of proof where fraud is charged is upon the party bringing

the charge, and all men are presumed to act from honest motives until the contrary is shown. Charges of misconduct, to form the basis for disbarment or suspension of an attorney, must be proved by clear and convincing testimony. (*People* v. *Kerker*, 315 Ill. 572.) The record must disclose a case that is free from doubt, not alone as to the act done but also as to the motive with which it was done. (*People* v. *McCaskrin*, 325 Ill. 149.) If the evidence fails to show that the respondent has been guilty of dishonorable conduct the charges made in the information are not sustained. *People* v. *Lotterman*, 353 Ill. 399.

We need not discuss the Hattie Glover investment in view of the findings and recommendation of the commissioner with reference to it. The respondent seems to have been either a victim of hard times, or, as he claims, the $35 by mistake was used in filing other suits. He contends that he had prepared the pleadings in the Milas suit and was ready to file it when a demand was made for the return of the money after Milas had employed other counsel. This money was re-paid to Milas. Respondent has practiced law thirteen years. If it were not for the Hattie Glover transaction involving the $600, which he says he still owes and has never refused to pay and will pay whenever he is able to do so, there is a strong probability no case would have been filed here. There is a lack of evidence of a fraudulent intent on the part of the respondent, Hammond. While he was guilty of neglect, still disbarment is a sentence of death to the professional life of an attorney. A suspension from practice, although not so serious, is not a trifling matter. The retention of filing fees and costs for any extended period of time without putting that money to the use for which it was paid is not condoned by re-payment. If the intention to use the money and to convert it were more clearly established, in spite of its re-payment the attorney guilty of such misconduct would deserve punishment, but the circumstances here do

not establish such fraudulent intent on the part of the respondent.

The recommendation of the commissioner is concurred in so far as the charge with reference to the Hattie Glover money is concerned and as to the Milas $35 it is not. The rule to show cause is therefore discharged and the cause dismissed. *Rule discharged and cause dismissed.*